Decree, dated April 28, 1775, recites a conveyance by lease on February 26, 1727/28, from Mrs. Sarah Rhett, widow, and release the next day by her intended husband, Nicholas Trott, to the Reverend Alexander Garden and Joseph Wragg in trust, of three town lots, Numbers 136, 137, and 208, formerly granted on August 16, 1695 to Jonathan Amory, merchant, and which by several conveyances became vested in Sarah Rhett, while widow of Colonel William Rhett; to be held by the *624 said trustees until the solemnization of the intended marriage for the use of Sarah Rhett, and thereafter for the use of Sarah and Nicholas Trott and the heirs of the survivor, reserving, however, the right to alter the beneficiaries of the reversion. The decree further recites that the bill filed by Frankland on June g, 1774, set out indentures made on March 12, 1734, by Nicholas Trott and his wife Sarah to the same trustees of the same lots, whereby the beneficiaries were named as Eleazer Allen, his wife Sarah, and their heirs and assigns forever; that in 1745 Eleazer and Sarah Allen mortgaged the three said lots, with certain other property in North Carolina, to secure a loan from the plaintiff of £1500 sterling; that on October 26, 1764, William Bampfield, executor of Sarah Allen for settling the part of her estate in South Carolina, offered the lots at public auction, sold part of them and collected some of the money, but was unable to collect all because of the uncertainty of the title, the indenture of 1734 having lacked a release of inheritance by Sarah Trott, a femme covert, thus rendering the title of Eleazer and Sarah Allen void and the reversion of title to the heirs of Sarah Trott, under whose will (her property was bequeathed to her grandchildren) the defendants Smith and Harleston would have claim. The decree further recites that the bill of Frankland sought to have the heirs of Sarah Trott execute release; to have claims under the will of Sarah Trott barred; to have Margaret Nailor, heiress at law of Samuel Cardy (a purchaser of the lot), accept title and pay the remainder of the purchase money; to have the executors of Bampfield sell the remainder of the premisses and repay the plaintiff the amount due him; and to have Benjamin Garden, executor of the surviving trustee, execute with the master all necessary deeds.
Thomas Bee for plaintif]
Lastly, the decree recites the appearance of Thomas and Sarah Smith, who admit the main facts and join in the prayer; of Edward Harleston, who joins in the prayer; of John Harleston, infant, who seeks protection; of Benjamin Garden, who joins in the prayer but disclaims any part in the suit; of Margaret Naylor, who agrees to abide by the decree.
By the consent of all parties, therefore, the decree grants the prayer of the bill; the master is ordered to settle accounts, allowing the plaintiff interest at ten percent and charging Bampfield’s estate with interest on money arising from the sale to Cardy from six months thereafter; also to sell the remaining premisses at public outcry, conveying them in fee simple, and to make his report thereon. All costs of the suit are to be paid from money arising from the sale, and the surplus is to be subject to the order of this court. Parties are given leave to apply by petition. John Harleston, minor, is given leave to contest the decree within six months after coming of age.
Wm Bull
Thos Knox Gordon
Wm Gregory, Master
Thomas Irving